IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHANIE M.,[1]

      Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

      Defendant.

Civ. No. 6:20-cv-01840-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    Plaintiff Stephanie M. seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) failing to address the supportability of Dr. Heather Hansen's opinion and (2) failing to develop the record. Pl.'s Br. 3–7, ECF No. 16. Because there is substantial evidence in the record to support the ALJ's findings and any errors are harmless, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case and any immediate family members of that party.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff applied for DIB on June 13, 2018, alleging disability since August 1, 2017. Tr. 166, 206. Her claim was denied initially and upon reconsideration. Tr. 70, 86. Plaintiff appeared before the Honorable Erin Justice on March 26, 2020. Tr. 39–57. ALJ Justice denied Plaintiff's claim on April 16, 2020. Tr. 15–32. Plaintiff sought review from the Appeals Council and was denied on August 20, 2020, rendering the ALJ's decision final. Tr. 1. Plaintiff now seeks judicial review of the ALJ's decision.

Plaintiff is 48 years old and was 43 years old on her alleged onset date. *See* tr. 60. Plaintiff has completed two years of college as well as specialized training in dog massage and dog training. Tr. 187. She has past relevant work as a head animal trainer. Tr. 54, 187. Plaintiff alleges disability from cervical degenerative disc disease, sacroiliitis, ankylosing spondylitis, obesity, and migraines. *See* tr. 18, 186.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868

F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)).

"'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may

not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.*

*Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21

(9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine

whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden

of proof rests on the claimant for steps one through four, and on the Commissioner for step five.

*Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180

F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that

the claimant can make an adjustment to other work existing in significant numbers in the

national economy after considering the claimant's residual functional capacity ("RFC"), age,

education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to

meet this burden, then the claimant is considered disabled. *Id.*

**I.    Supportability of Dr. Heather Hansen's Opinion**

Plaintiff first argues that the ALJ committed legal error by failing to address

supportability when finding Dr. Hansen's medical opinion unpersuasive.[2] Pl.'s Br. 3–6.

Under the current regulations, an ALJ must evaluate all medical opinions and prior

administrative medical findings for persuasiveness. In doing so, the ALJ considers the following

factors: (1) supportability, as shown by relevant evidence and explanation; (2) consistency with

---

[2] Plaintiff appears to argue that the ALJ's failure to mention the treating relationship was also legal error. *See* Pl.'s Br. 5. However, this is no longer required under the new regulations. The ALJ must consider the relationship between the claimant and the medical provider, but this consideration need not be articulated in the ALJ's decision. *See* 20 C.F.R. § 404.1520c.

the record as a whole; (3) the relationship between the source and the claimant; (4)

specialization; and (5) other factors, including the source's familiarity with other information in

the record. 20 C.F.R. § 416.920c(c). Of these, supportability and consistency are the most

important and must be articulated in the ALJ's decision. 20 C.F.R. § 416.920c(b)(2).[3]

Supportability refers to how "relevant the objective medical evidence and supporting

explanations presented by a medical source are to support his or her medical opinion." 20 C.F.R.

§ 404.1520c(c)(1). Consistency addresses how "consistent a medical opinion . . . is with the

evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R.

§ 404.1520c(c)(2).

 ALJ Justice found Dr. Hansen's opinion "unpersuasive because [it was] inconsistent and

unsupported." Tr. 28. The ALJ went on to say that the opinion was "inconsistent with the

claimant's multiple physical examinations finding mostly normal results" and "not supported by

the claimant's reported abilities to perform household chores, shop in stores, drive, do yoga,

walk or hike five days a week and continue dog training once in the morning and once in the

afternoon." Tr. 29.

 Plaintiff argues that this opinion fails to properly address the supportability factor

because "[t]he ALJ did not mention the part of Dr. Hansen's opinion … setting forth the signs."

Pl.'s Br. 5. In Dr. Hansen's Treating Source Statement, she listed the Plaintiff's "signs (relevant

clinical findings, test results, etc." as "Elevated CRP, CT + MRI Pelvis 1/2017 Sacroiliitis, HLA

---

[3]The Ninth Circuit has not issued an opinion regarding the effect of the new 2017 SSA regulations on the "specific and legitimate" standard articulated in *Orn. See Robert S. v. Saul*, No. 3:19-cv-01773, 2021 U.S. Dist. LEXIS 65231, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 59635, 2021 WL 1206576 (D. Or. Mar. 29, 2021) (collecting cases). However, other Ninth Circuit district courts have held that under the new SSA regulations the "specific and legitimate" standard is still applicable as the standard against which the Court evaluates the ALJ's reasoning. *See John N. v. Comm'r of Soc. Sec. Admin.*, No. 20-cv-01273, 2022 U.S. Dist. LEXIS 35027, at *17–18 (D. Or. Feb. 28, 2022) (citing *Scott D. v. Comm'r of Soc. Sec. Admin.*, No. C20-5354, 2021 U.S. Dist. LEXIS 4083, at *4 (W.D. Wash. Jan. 8, 2021)).

B27+"). Tr. 677. When asked "Are the patient's conditions capable of causing her symptoms? Are the symptoms corroborated by the signs and/or objective findings?" Dr. Hansen circled yes but did not elaborate further. *Id*.

While the ALJ explicitly found that Dr. Hansen's opinion was unsupported, the reasoning conflates "consistency" and "supportability" and primarily addresses the consistency factor. *See* tr. 28–29. Supportability "generally includes an assessment of the supporting objective medical evidence and other medical evidence."  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5859 (Jan. 18, 2017). The ALJ began addressing the supportability factor by noting that Dr. Hansen's medical opinion was not supported by Dr. Hansen's own physical examinations, but, as Plaintiff notes, the ALJ did not address the signs that Dr. Hansen cited in her opinion.

However, any error here is harmless. Inconsistency alone is sufficient to find a medical opinion unpersuasive. "A medical opinion without supporting evidence, *or* one that is inconsistent with evidence from other sources, will not be persuasive regardless of who made the medical opinion." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5854 (Jan. 18, 2017) (emphasis added). Here, the ALJ found that Dr. Hansen's opinion was inconsistent with the objective medical evidence and with Plaintiff's activities of daily living. Tr. 29. Further, it is clear from the ALJ's opinion as a whole that she reviewed and considered the entire record, including the medical evidence that Plaintiff argues supports Dr. Hansen's opinion. *See, e.g.,* tr. 24 (noting that Plaintiff's 2016 MRI indicated bilateral symmetrical sacroiliitis and that Plaintiff's CT scan was negative for kidney stones).

//

//

## II.    <u>Further Development of the Record</u>

Plaintiff next argues that the record should be further developed. Pl.'s Br. 6–7. Plaintiff's argument rests on two things: Plaintiff's degenerative disc disease and the ALJ's affirmative obligation to develop the record in certain circumstances. Plaintiff first notes that degenerative disc disease, "by definition, progressively worsens over time." Pl.'s Br. 6. Plaintiff appears to argue that this progressive deterioration means that the evidence in record is ambiguous and therefore requires further development of the record. *See id.*

"[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). However, it is Plaintiff's burden to provide evidence proving that she is disabled. 20 C.F.R. § 404.1512(a)(1); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). "[The] ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Id.* at 459–60.

Here, Plaintiff does not point to any evidence in the record that demonstrates that her condition is worsening over time, such that further development of the record would be necessary. Nor does Plaintiff point to any evidence in the record that is ambiguous or inadequate to allow for proper evaluation. The record contains hundreds of pages of medical records and evaluations, from April 2015 to March 2020. The ALJ's detailed consideration of Plaintiff's medical records spans more than three pages. *See* tr. 24–27. The ALJ considered all the medical evidence, including the most recent records from physical examinations, rheumatology appointments, and physical therapy sessions in early 2020. *See* tr. 27. The ALJ then concluded that Plaintiff was not under a disability as of April 16, 2020. Tr. 32. Plaintiff fails to demonstrate a need for further development of the record. *Cf. Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir.

2020) ("Given that the ALJ had years of Ford's mental health records and multiple opinions from non-examining psychiatrists to inform her decision, this duty [to develop the record] was not triggered.").

## **CONCLUSION**

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 18th day of July, 2022.

s/  Michael J. McShane
Michael J. McShane
United States District Judge